

U.S. Department of Justice
*S. Amanda Marshall*
*United States Attorney*
*District of Oregon*
*1000 SW Third Avenue, Suite 600*
*Portland, OR 97204-2902*

*(503) 727-1000*
*Fax (503) 727-1117*

June 26, 2014

Ronald H. Hoevet
Hoevet Boise & Olson, PC
1000 SW Broadway, Suite 1500
Portland, OR 97205

      Re:    *United States v. Shaun Snapp*, Case No. 3:13-CR-00063-KI
            Plea Agreement Letter

Dear Counsel:

1.     **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.  This agreement does not apply to any charges other than those specifically mentioned herein.

2.     **Charges**:  Defendant agrees to plead guilty to Count Two of the Indictment, which charges Failure to File International Monetary Instrument Transactions in violation of Title 31, United States Code, Section 5316.

3.     **Penalties**:  The maximum sentence is 5 years' imprisonment, a mandatory minimum sentence of 0 years' imprisonment, a fine of $250,000 and 3 years of supervised release, and a $100 fee assessment.  Defendant agrees to pay the fee assessment by the time of entry of guilty plea.  Defendant understands that if a mandatory minimum sentence is required, this may restrict the application of downward departures, adjustments, and variances in some cases.

4.     **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant.  The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5.     **Sentencing Factors**:  The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a).  Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

Revised 02/03/10

Ronald H. Hoevet
Re:   Shaun Snapp Plea Letter
Page 2

6.  **Relevant Conduct**:  The parties agree that defendant's relevant conduct pursuant to U.S.S.G. § 2S1.3 is a Base Offense Level of 6, prior to adjustments. The parties agree that a 12 level increase is applied pursuant to U.S.S.G. § 2B1.1(b)(1)G), but, pursuant to U.S.S.G. § 2S1.3(b)(3) the parties agree that the base offense level is 6.

7.  **Acceptance of Responsibility**:  Defendant must demonstrate to the Court that he fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct in this case.  If defendant does so, the USAO will recommend a two-level reduction in defendant's offense level, resulting in a total offense level of 4.  The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

8.  **Low End Range:**  The USAO will recommend the low end of the applicable guideline range, i.e. straight probation, as long as defendant demonstrates an acceptance of responsibility as explained above.

9.  **Additional Departures, Adjustments, or Variances:**

The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement.  Defendant agrees not to seek any downward departures, adjustments, or variances to the advisory sentencing guideline range under the sentencing guidelines provisions, or under 18 U.S.C. § 3553, or to seek a sentence below that range, except as specified in this agreement.

10.  **Waiver of Appeal/Post-Conviction Relief:**  Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that:  (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range.  Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal.  Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

11.  **Court Not Bound:**  The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer.  Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

12.  **Full Disclosure/Reservation of Rights:**  The USAO will fully inform the PSR writer and

Revised 02/03/10

Ronald H. Hoevet
Re:   Shaun Snapp Plea Letter
Page 3

the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

13.   **Breach of Plea Agreement:**   If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

14.   **Forfeiture Terms:**

   A.   **Assets and Authority:**   By signing this agreement, defendant knowingly and voluntarily agrees the government may seek to forfeit all assets which are subject to forfeiture pursuant to 31 U.S.C. § 5317. The parties will attempt to reach a stipulated amount to be forfeited prior to sentencing.

   B.   **No Alteration or Satisfaction:**   Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets. Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

15.   **Memorialization of Agreement:**   No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

16.   **Deadline:**   This plea offer expires if not accepted by June 26, 2014 at 10:00 a.m.

                                      Sincerely,

                                      S. AMANDA MARSHALL
                                      United States Attorney


                                      SCOTT ERIK ASPHAUG
                                      Assistant United States Attorney

Revised 02/03/10

Ronald H. Hoevet
Re:   Shaun Snapp Plea Letter
Page 4

    I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

6/26/14
Date

_____
Shaun Snapp, Defendant

    I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

6/26/14
Date

_____
Ronald H. Hoevet, Attorney for Defendant

Revised 02/03/10